IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-27-D

MARK M. OXFORD,                           )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )        **ORDER**
                                          )
THE LINC GROUP, INC.,                     )
OPERATIONAL AND SUPPORT                   )
SERVICES, REEP INC., and                  )
LINC GOVERNMENT SERVICES,                 )
                                          )
                    Defendants.           )


On October 27, 2009, Mark M. Oxford ("plaintiff" or "Oxford"), proceeding pro se, filed suit

in the United States District Court for the Central District of California against The Linc Group, LLC

("Linc"), REEP, Inc., d/b/a Operational Support and Services ("OSS"), and REEP, Inc., d/b/a Linc

Government Services ("LGS") (collectively "defendants"). Oxford alleges that defendants violated

the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), Title VII of the Civil Rights Act of 1964,

42 U.S.C. §§ 2000e–2000e-17 ("Title VII"), 42 U.S.C. § 1981, California Government Code Section

12940, and the Fifth and Fourteenth Amendments of the U.S. Constitution. See Cmpl. ¶¶ 13–38.

On January 19, 2010, the United States District Court for the Central District of California

transferred the case to this court and denied as moot defendants' motions to dismiss for lack of

personal jurisdiction and for failure to state a claim upon which relief can be granted [D.E. 18]. On

February 1, 2010, defendants moved to dismiss for failure to state a claim upon which relief can be

granted all of Oxford's claims except for his Title VII claim against LGS and OSS [D.E. 27]. On

March 15, 2010, Oxford moved for summary judgment [D.E. 32]. As explained below, defendants'
motion to dismiss is granted and Oxford's motion for summary judgment is denied.

I.

From June 2008 through May 2009, OSS employed Oxford as a bilingual bicultural advisor.
See Compl. ¶¶ 1, 10. Oxford is a Michigan resident. Id. ¶ 1. Oxford is of Egyptian origin and
practices the Islamic faith. Id. ¶ 9. REEP is a New Hampshire corporation with its principal place
of business in Fayetteville, North Carolina. Votipka Decl. ¶ 8. Linc is a Delaware corporation with
its principal place of business in Irvine, California. Id. ¶ 7. During his employment with OSS,
Oxford worked in Iraq and was paid an annual salary of $160,000. Compl. ¶¶ 1, 10, 14.

Oxford asserts five claims arising from his employment in Iraq. First, Oxford argues that
defendants violated the EPA, 29 U.S.C. § 206(d), because the yearly salary that OSS paid Oxford,
a male employee, was allegedly $5,000 less than OSS paid three female employees to perform
essentially the same job as Oxford. Compl. ¶ 14.

Next, Oxford alleges that defendants violated Title VII and 42 U.S.C. § 1981, because
Oxford's supervisors temporarily transferred him to a "less desirable" post that was "a lot less
convenient" and had "significantly less access to vehicles and requir[ed] [a] considerable amount
of time" in the "heat of [the] outdoors of Iraq." Compl. ¶ 20; see id. ¶¶ 19, 21, 27. Oxford also
alleges that OSS has no "anti-discrimination . . . posters in obvious and accessible places" or "known
discrimination or harassment policies." Id. ¶ 21. Oxford notified his OSS supervisor, Bruce
Blaisdell, about these issues, but OSS "ignored [Oxford's] remarks and didn't work on correcting
its [alleged] violations." Id. OSS also allegedly denied Oxford a raise and denied him security
clearance, but granted a raise and security clearance to other bilingual bicultural advisors who were
not of Oxford's race, sex, national origin, or religion. Id. ¶¶ 23–24. Furthermore, Oxford claims

2

that his supervisors harassed him by "accusing [him] in front of everybody in the office" of being "a liar," and by making "derogatory remarks" about his race, religion, and national origin. Id. ¶ 25.[1] When Oxford reported one such remark to Blaisdell, Blaisdell allegedly responded that the remark was "bad humor at best." Id. Oxford reported the other remarks to another supervisor, who responded that Oxford should "get a thicker skin." Id. Oxford describes such statements as "extreme mental and emotional torture," and claims he had to resign as a result. Id.

In his third, fourth, and fifth claims, Oxford alleges that the foregoing conduct also violated California Government Code Section 12940, Compl. ¶¶ 29–32, the Due Process Clause of the Fifth Amendment, id. ¶¶ 33–35, and the Equal Protection Clause of the Fourteenth Amendment. Id. ¶¶ 36–38.

On October 27, 2009, Oxford sued defendants in the United States District Court for the Central District of California [D.E. 1]. On November 17, 2009, defendants filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted [D.E. 5]. On January 19, 2010, the United States District Court for the Central District of California transferred the case to this court and denied as moot defendants' motion to dismiss [D.E. 18]. On February 1, 2010, defendants moved to dismiss for failure to state a claim all of Oxford's claims except for Oxford's Title VII claim against OSS and LGS [D.E. 27]. Oxford responded in opposition [D.E. 30], and defendants replied [D.E. 31]. On March 15, 2010, Oxford moved for summary judgment [D.E. 32]. Defendants responded in opposition [D.E. 37], and Oxford replied [D.E. 39].

---

[1]Oxford alleges that such remarks indicated that Oxford does not speak Arabic, that the supervisor would "rather deal with Christians than Muslims," that people of Oxford's race and religion are "crooks and not trustworthy," that people of Oxford's race are "dirty," and that Oxford is a "terrorist." Compl. ¶ 25.

3

## II.

### A.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

The court construes allegations in a pro se complaint liberally. See, e.g., Erickson, 551 U.S. at 94. In interpreting a pro se complaint, the court's task is not to discern the plaintiff's unexpressed intent, but what the words in the complaint mean. See Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc) (holding that a "liberal interpretation" of a complaint does not warrant a "complete rewriting"); Brock v. Carroll, 107 F.3d 241, 243 n.3 (4th Cir. 1997).

First, Oxford alleges that defendants violated the EPA, 29 U.S.C. § 206(d), because the yearly salary that OSS paid Oxford, a male employee, was $5,000 less than OSS paid three female

4

employees to perform essentially the same job. Compl. ¶ 14. The EPA, however, does not apply "with respect to any employee whose services during the workweek are performed in a workplace within a foreign country." 29 U.S.C. § 213(f); see, e.g., Bryant v. Int'l Sch. Servs., Inc., 675 F.2d 562, 572 n.17 (3d Cir. 1982). Oxford alleges that he worked for OSS "for the period of 06/20/2008 to 05/18/2009, during which period [he] was deployed to Iraq." Compl. ¶ 10. Accordingly, because the EPA does not apply to Oxford's work performed in Iraq, Oxford's EPA claim fails.

Next, Oxford alleges that defendants violated Title VII and 42 U.S.C. § 1981. Compl. ¶¶ 18–28. As mentioned, Oxford alleges that, while he was working in Iraq, his supervisors temporarily transferred him to a less desirable post. Compl. ¶ 20; see id. ¶¶ 19, 21, 27. Oxford also alleges that OSS has no anti-discrimination posters in noticeable places and lacks known discrimination and harassment policies. Id. ¶ 21. Oxford alleges that he brought such issues to the attention of his OSS supervisor, and that OSS ignored his remarks and took no corrective action. Id. OSS also allegedly denied Oxford a raise and a security clearance, but granted a raise and security clearance to other bilingual bicultural advisors who were not of Oxford's race, sex, national origin, or religion. Id. ¶¶ 23–24. Furthermore, Oxford's supervisors allegedly harassed him by calling him a liar and by making derogatory remarks about his race, religion, and national origin. Id. ¶ 25. Oxford reported such remarks to OSS supervisors but OSS allegedly took no corrective action. Id.

As for Oxford's section 1981 claim, section 1981 protects the rights only of "persons within the jurisdiction of the United States." 42 U.S.C. § 1981(a); see Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 211 (4th Cir. 2007). Accordingly, because the race discrimination allegedly occurred in Iraq, Oxford's section 1981 claim fails. See, e.g., Ofori-Tenkorang v. Am. Int'l Group, Inc., 460 F.3d 296, 297–98, 303–05 (2d Cir. 2006).

5

As for Title VII, Title VII permits a cause of action for certain employment discrimination against any entity defined as an "employer." Aleman, 485 F.3d at 210; see 42 U.S.C. § 2000e-2(a). Specifically, Title VII provides, in relevant part, that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Oxford's Title VII violations are based on the alleged conduct of OSS, Oxford's employer. See Compl. ¶¶ 18–28. Oxford does not allege facts to indicate that Linc, the parent company of OSS and LGS, acted as Oxford's employer. See 42 U.S.C. § 2000e(b); cf. Brown v. Fred's, Inc., 494 F.3d 736, 739–40 (8th Cir. 2007) (holding parent company did not act as employer for Title VII purposes); Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 85–89 (3d Cir. 2003) (same); Johnson v. Flowers Indus., Inc., 814 F.2d 978, 981–82 (4th Cir. 1987) (holding that parent company did not act as employer for Age Discrimination in Employment Act purposes). Accordingly, Oxford's Title VII claim against Linc is dismissed. See, e.g., Ashcroft, 129 S. Ct. at 1949–50.[2]

Next, Oxford claims that defendants violated California Government Code Section 12940, which is California's Fair Employment and Housing Act ("FEHA"). Compl. ¶¶ 29–32. The FEHA prohibits an employer from "discriminat[ing] against [a] person in compensation or in terms, conditions, or privileges of employment" because of race, religion, national origin, or sex. See Cal. Gov't Code § 12940(a). However, the statute does not apply to non-California residents employed outside of California, even if the employer is a California-based company. See Campbell v. Arco

---

[2]The record is unclear as to the relationship among Oxford, OSS, and LGS. Moreover, LGS does not seek dismissal of Oxford's Title VII claim against it. Thus, the court declines to dismiss LGS as a defendant at this time.

Marine, Inc., 42 Cal. App. 4th 1850, 1859, 50 Cal. Rptr. 2d 626, 632 (1996) ("[W]e are unwilling to ascribe to [the California legislature] a policy which would raise difficult issues of constitutional law by applying [California's] employment-discrimination regime to non-residents employed outside the state."). Linc is a California-based employer. See Compl. ¶ 2. Oxford is a Michigan resident who alleges FEHA violations allegedly took place during his employment in Iraq. Id. ¶¶ 1, 10. Accordingly, Oxford's California-law claim fails.

Finally, Oxford alleges that defendants violated the Fifth and Fourteenth Amendments of the U.S. Constitution. Compl. ¶¶ 33–38. Both the Supreme Court and Fourth Circuit "have been very clear that the Constitution does not apply to purely private actors." Unus v. Kane, 565 F.3d 103, 130 (4th Cir. 2009) (quotation omitted), cert. denied, 130 S. Ct. 1137 (2010). Here, defendants are private actors, and Oxford does not allege any facts indicating otherwise. See Compl. ¶¶ 1–38. Accordingly, Oxford's constitutional claims fail.[3]

### B.

On March 15, 2010, Oxford moved for summary judgment on his Title VII claim against all defendants [D.E. 32]. Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court analyzes such a motion under the applicable standard. See Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp., 477 U.S. at 325; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986); Anderson, 477 U.S. at 247–48.

---

[3]In his prayer for relief, Oxford seeks damages for defendants' "breach of contract and [l]ibel [d]efamation." Compl. 12. To the extent Oxford alleges claims for breach of contract, libel, or defamation, such claims fail for lack of factual support. See, e.g., Ashcroft, 129 S. Ct. at 1949–50.

7

In light of the record and the absence of discovery, Oxford is not entitled to summary judgment on his Title VII claim. See, e.g., Fed. R. Civ. P. 56(f); Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 246–47 (4th Cir. 2002); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). Thus, Oxford's motion for summary judgment is denied.

III.

As explained, defendants' motion to dismiss [D.E. 27] is GRANTED, and Oxford's motion for summary judgment [D.E. 32] is DENIED. The sole remaining claim in this action is Oxford's Title VII claim against OSS and LGS.

SO ORDERED. This 30 day of June 2010.

JAMES C. DEVER III
United States District Judge

8